NEW ENGLAND, The, v. KENNEBEC & B. STEAM NAV. CO. See Case No. 10,151.

NEW ENGLAND, The (KRAMME v.). See Case No. 7,930.

---

## Case No. 10,152.

NEW ENGLAND BANK v. BANK OF THE METROPOLIS.

[1 Hayw. & H. 203.] [1]

Circuit Court, District of Columbia. Sept. 14. 1844. [2]

BANKS AND BANKING — COLLECTIONS BETWEEN BANKS—RIGHT TO PROCEEDS.

1. Where banks acted as collecting agents for other banks, and in that capacity and in their settlements they mutually treated the notes and other paper sent as the property of the bank from which they received them, and without notice that they were not the property of said bank, the bank is entitled to retain the proceeds of said notes, and to retain the notes not collected and in their possession, until a settlement of the account between them, or tender is made of the balance found due.

2. Where notes and other paper were deposited with a bank for collection, and that bank transmitted them to another bank for the same purpose, after being endorsed by it in the usual

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

[2] [Reversed in 6 How. (47 U. S.) 212.]

manner, the owner of said paper is entitled to recover the amount collected by said bank, even if the said bank had, in its dealings with the endorsing bank, treated said paper as the property of said bank in the settlement of their balances.

This action was brought by the plaintiffs in 1841, on a balance of $2,900 for the amount of the proceeds of notes and bills sent to the defendants by the Commonwealth Bank of Boston, Massachusetts, for collection, the plaintiffs claiming the notes and bills as their property and subject to their order and control. The jury under the instructions of the court brought in a verdict for the plaintiffs for the whole amount of the proceeds of the notes and bills. [Case unreported.] At the trial a bill of exceptions was taken by the defendants and a writ of error was carried to the supreme court where the judgment was reversed and the cause remanded with direction to award a new trial. [1 How. (42 U. S.) 234.] On the receipt of the mandate of the supreme court a new trial was had on the original declaration and on the same issue.

Joseph H. Bradley, for plaintiffs.

Cox & Coxe, for defendants.

The following prayer was asked for by the counsel for the defendant, and THE COURT gave the instruction as prayed (THRUSTON, Circuit Judge, absent): "That if from the evidence they shall find that the course of dealing between the said Commonwealth Bank and the Bank of the Metropolis as stated in said evidence actually existed and had continued for several years prior to January, 1838; that their dealings had been mutual and extensive; that accounts current existed between them in which they were respectively credited with the proceeds of all notes, bills, drafts, &c., transmitted to the other for collection, when the same were received, and charged with all the expenses attending the same, as postage, cost of protest, &c., that from time to time such accounts were regularly transmitted from each to the other which accounts were mutually acquiesced in without objection, that the balances on the accounts current fluctuated from time to time according to the amount of money, bills, notes. &c., remitted; that upon the credit of such negotiable paper thus transmitted or expected to be sent, or upon the credit of such mutual dealings, each party was in the practice of drawing and accepting drafts and orders on or by the other; that said banks uniformly received the notes, bills, drafts, &c., transmitted by the other for collection and always regarded and treated them as the property of the other; that the notes, drafts and bills enumerated in the letter from C. Hood to G. Thomas, of the 13th January, 1838, were also received, regarded and treated; that the defendants had no notice or knowledge until the receipt of said letter, that said Commonwealth Bank was not the absolute and only

owner of the same or that plaintiffs had any interest in or claim to the same; that said Commonwealth Bank became insolvent some days prior to said 13th January, 1838, at which time the Bank of the Metropolis, had in its possession and so held and received in the course of said mutual business, the notes, bills, &c., mentioned in said letter; that in the course of said mutual business it was the practice and usage of each of said banks to draw upon the other as its exigencies or convenience required even beyond the amount of the balances then due to it, on general account, which drafts it was also their usage and practice to accept and pay on the credit of anticipated remittances of negotiable paper, or funds, or on the credit of such mutual dealings and course of business and it was also the practice and usage of both said banks to suffer and permit ascertained balances to lie undrawn for on the same credit, that at the time the said Commonwealth Bank became insolvent and when said letter of January 13, 1838, was written and received, there was a balance of $2,900, or other sum due on said general account from said Commonwealth Bank to the Bank of the Metropolis, then the defendants were entitled to hold and retain the said notes, drafts, bills, &c., so in their possession, and the proceeds of the same when received until the payment or tender of such balance, and the plaintiffs are not entitled to recover in this action until they show to the satisfaction of the jury that before action brought such balance was paid or tendered to said defendants." Which was given by THE COURT (THRUSTON, Circuit Judge, absent).

And thereupon, and after the court had given the said instructions to the jury on the prayer of said defendants, the plaintiffs, by their counsel, prayed the court to instruct the jury: "That if from the evidence the jury shall find, that the notes mentioned in the said letter, dated the 13th day of January, 1838, from C. Hood, cashier of the Commonwealth Bank, to G. Thomas, cashier of the Bank of the Metropolis, were received by the said Commonwealth Bank, from the said plaintiffs, and were at the time of such receipt the property of the plaintiffs. That they were deposited by the plaintiffs with the said Commonwealth Bank, to be transmitted by it only for collection. That the said Commonwealth Bank, received the said notes only as the agent of the plaintiffs, and without giving any consideration for them or receiving any compensation as such agent to transmit them for collection, and never had any right, title or interest in or claim or lien upon the said notes. except as agent as aforesaid. That the said Commonwealth Bank, as agent as aforesaid, and not otherwise did in fact transmit the said notes to said defendants for collection only. That the said notes were endorsed by the cashier of the plaintiffs as cashier, and by the

cashier of said Commonwealth Bank, as cashier in the mode and form commonly used by banks in the United States, in the transmission of negotiable paper deposited with and transmitted through such banks for collection. That the usage to deposit in one bank, such paper so endorsed to be transmitted, and for such deposit bank to endorse such paper in the manner aforesaid and to transmit the same so endorsed to another bank is a common usage throughout the United States, and that the custom so to endorse such negotiable paper is universal. That the Bank of the Metropolis, and the said Commonwealth Bank, were extensively engaged as the agents of other banks and with each other in the transmission for collection and in the collection of negotiable paper, belonging to third parties, in the year 1836 and 1837, in various and distant parts of the United States, and that the common form of endorsement used in the transmission of such negotiable paper by the said Commonwealth Bank and the Bank of the Metropolis was such as was used by the said Commonwealth Bank in the endorsement and transmission of said notes for the proceeds of which this suit is brought, and that neither of the said banks under the said usage and custom held the other liable upon such endorsement. That the said notes last mentioned were transmitted to the said Bank of the Metropolis in letters notifying the defendants that they were transmitted for collection, in the form commonly used by said banks in transmitting negotiable paper for collection and with no other intention as to who was the real owner of such negotiable paper. Then it is competent for the jury to infer from the facts aforesaid. that the defendants had notice that the said paper was transmitted by the said Commonwealth Bank as agent and not as owner thereof, and if the jury so find, then the plaintiffs are entitled to recover, notwithstanding the jury shall find that the said Commonwealth Bank and the Bank of the Metropolis treated each other as the true owners of the paper so remittted, and notwithstanding they shall further find that balances were from time to time suffered to remain in the hands of each other to be met by the proceeds of negotiable paper deposited or expected to be transmitted in the usual course of dealing between them, and notwithstanding the course of dealing stated in the instruction heretofore given at the instance of the defendants."

To the giving of which instruction as prayed, the counsel for the defendants objected, but THE COURT overruled such objection and instructed the jury as requested, to which the defendants, by their counsel, excepted. THRUSTON, Circuit Judge, absent.

Verdict for the plaintiff.

The defendants, by their counsel. moved for a new trial. Because the verdict was

against law, against the evidence and against the instructions of the court. Motion overruled and judgment on the verdict for $2,900.

[The case was carried by writ of error to the supreme court, where the judgment rendered in this court was reversed. 6 How. (47 U. S.) 212.]